UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SARA BENDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04694-TAB-RLY |
| | ) | |
| AVON COMMUNITY SCHOOL CORPORATION, | ) | |
| AVON EDUCATION FOUNDATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT AVON EDUCATION FOUNDATION'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**I.      Introduction**

This matter is before the Court on Defendant Avon Education Foundation's motion to dismiss Plaintiff Sara Bender's second amended complaint under Fed. R. Civ. P. 12(b)(6). [Filing No. 70.]  The Foundation argues that Bender failed to exhaust her administrative remedies and that the Foundation is not an employer under either the Family Medical Leave Act or Title VII of the Civil Rights Act.  [Filing No. 70, at ECF p. 3, 6.]  As discussed below, the Foundation is estopped from claiming a lack of notice to Bender's discrimination charge. Additionally, Bender's second amended complaint sets forth sufficient factual allegations of joint, possibly interrelated, employers to survive a Rule 12(b)(6) motion.  Therefore, the Court denies the Foundation's motion to dismiss.

**II.     Background**

Bender filed her original complaint on November 26, 2019, alleging she was jointly employed by the Foundation and Defendant Avon Community School Corporation as the Executive Director at the Foundation. [Filing No. 1.] Bender claimed that Defendants violated federal law by not providing her with required FMLA leave and then retaliated against her for seeking FMLA leave. [Filing No. 1, at ECF p. 2.] On December 3, 2019, Defendants fired Bender. [Filing No. 67, at ECF p. 6.] Bender alleged that she was fired in retaliation for asserting her federally protected rights and for filing this lawsuit. [Filing No. 67, at ECF p. 6.] On February 10, 2020, Bender filed her Indiana Civil Rights Commission and EEOC charge of discrimination. [Filing No. 71-1, at ECF p. 1.] The charge identified Bender's employer as "Avon Community School Corp via Avon Education Foundation," with the address 7203 E. US Hwy 36, Avon IN, 46123. [Filing No. 71-1, at ECF p. 1.] The same address appears on the summons issued to the Foundation as well as the School Corporation. [Filing No. 3, at ECF p. 1.] In the charge, Bender stated: "I worked for the Avon Community School Corporation from August 2017 until my termination on December 3, 2019. My position was the Executive Director of the Avon Education Foundation." [Filing No. 71-1, at ECF p. 2.]

On March 26, 2020, the Court approved the parties' Case Management Plan. [Filing No. 21.] In the CMP, Bender stated that she "has filed an EEOC charge for gender discrimination and will amend her complaint to include discrimination and retaliation claims under 42 USC 2000e." [Filing No. 21, at ECF p. 2.] In the same section, Defendants stated that Bender was only employed by the Foundation and "[t]o the extent Plaintiff amends her Complaint to incorporate her EEOC charge, [Bender] was not discriminated against on the basis of her sex or disability or otherwise suffered retaliation." [Filing No. 21, at ECF p. 2.]

2

On October 8, 2020, Bender filed an amended complaint. [Filing No. 52.] Subsequently, Bender filed a motion for leave to file a second amended complaint, stating that she wished to remove ADA and Rehabilitation Act claims from the lawsuit and "to contend that the attorney for [the School Corporation] and [the Foundation], Mr. Jon Becker, told [Bender] that [the School Corporation] was her employer and that [the Foundation] is not an employer." [Filing No. 62, at ECF p. 1.] The Court granted the motion [Filing No. 66], and Bender filed her second amended complaint [Filing No. 67]. On January 5, 2021, the Foundation filed the pending motion to dismiss Bender's second amended complaint. [Filing No. 70.]

### III.   Discussion

The Foundation argues Bender's FMLA and Title VII claims against the Foundation should be dismissed, with prejudice, under Fed. R. Civ. P. 12(b)(6). [Filing No. 70.] Rule 12(b)(6) provides that a party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, "[t]he complaint must contain allegations that collectively state a claim to relief that is plausible on its face. We accept all well-pleaded allegations of fact as true and draw all reasonable inferences in the plaintiffs' favor." *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019) (internal citations and quotation marks omitted).

3

### A. *Exhaustion of Administrative Remedies*

The Foundation first contends that Bender's second amended complaint should be dismissed as it relates to the Foundation because Bender failed to exhaust her administrative remedies prior to filing. [Filing No. 71, at ECF p. 3.] Generally, under Title VII, 42 U.S.C. § 2000e-5(f)(1), before a party may bring a Title VII action, they must file an EEOC charge naming that party as a respondent. *See, e.g., Whitaker v. Milwaukee Cnty., Wisconsin*, 772 F.3d 802, 812 (7th Cir. 2014) ("An ADA plaintiff must file a charge with the EEOC before bringing a court action against an employer. A plaintiff is barred from raising a claim in the district court that had not been raised in his or her EEOC charge unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." (Internal citations, quotation marks, and brackets omitted)). However, there is an exception to the filing requirement when an unnamed party was provided with adequate notice of the charge and an opportunity to participate in the EEOC conciliation proceedings. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981) ("With the two-fold purposes of EEOC charge filing in mind, courts have recognized several exceptions to the rule that parties not named in the EEOC charge are not subject to suit in a private civil action. As to one exception of import here, this court has determined that where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party.").

The Foundation argues that while Bender filed a charge with the ICRC and EEOC against the School Corporation, she did not bring one against the Foundation. [Filing No. 71, at ECF p. 3.] In addition, the Foundation argues that the exception for an unnamed party should not apply

4

because the Foundation was neither provided with notice nor given a chance to participate in conciliation proceedings. [Filing No. 71, at ECF p. 3-4.] While counsel for the School Corporation received the EEOC's response and right to sue letter, the Foundation argues that its counsel did not. [Filing No. 71, at ECF p. 3.]

The Foundation contends that the most comparable case is *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989). In *Schnellbaecher*, the plaintiff filed *pro se* charges with the EEOC against Baskin Clothing, but not against its parent company, Hartmarx Specialty Stores, Inc. *Id.* at 125. The Seventh Circuit affirmed dismissal of federal court charges against Hartmarx because while Hartmarx had notice of the charges against Baskin, it did not have notice of the charges against it, nor did Hartmarx have any opportunity to conciliate on its own behalf. *Id.* at 127.

The Foundation also draws comparisons to *Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008). In *Tamayo*, the plaintiff filed a discrimination charge naming the Illinois Department of Revenue as her employer, but did not name the Gaming Board, which operates under the Department and for which the plaintiff worked as Deputy Chief Counsel. *Id.* at 1079. The plaintiff subsequently filed a complaint in federal district court against both entities. *Id.* at 1080. The Seventh Circuit affirmed dismissal of the Title VII claims against the Gaming Board, finding that while Tamayo put the Board on notice of her claims against the Department of Revenue, she had not put the Board on notice of her claims against the Board itself. *Id.* at 1089.

The present case, however, is distinguishable from *Schnellbaecher* and *Tamayo*. As noted above, Bender's charge identified her employer as both the Foundation and the School Corporation, stating "Avon Community School Corp via Avon Education Foundation[.]" [Filing No. 71-1, at ECF p. 1.] In addition, the Foundation and the School Corporation share an address,

which was also listed in the charge. [Filing No. 71-1, at ECF p. 1.] Finally, the charge stated that Bender worked for the School Corporation as Executive Director of the Foundation. [Filing No. 71-1, at ECF p. 2.] Therefore, Bender put the Foundation on notice of her claims against both the School Corporation and the Foundation.

Moreover, even if Bender failed to properly name the Foundation as her employer in the charge, the Foundation was aware, through the course of the litigation in this Court, that the discrimination charge had been filed and identified Bender as Executive Director of the Foundation. Bender has consistently named both the School Corporation and the Foundation as her employer in pursuing redress through administrative channels and in this litigation. The Foundation's name appears in the charge, as well as its address, and the School Corporation's counsel works in the same law firm as the Foundation's pro bono legal counsel. [Filing No. 81, at ECF p. 6.] As Bender states, "[i]t strains credibility for [the Foundation] to claim it had no notice of the EEOC Charge when one attorney in the law firm responded to the Charge while his partner does legal work for [the Foundation]." [Filing No. 81, at ECF p. 6.] Thus, the Foundation received sufficient notice of Bender's EEOC charge.

Furthermore, while the Foundation claims it did not receive the right to sue letter and had no chance to participate in the EEOC administrative process, it appears more likely that the Foundation strategically chose not to participate in the process, believing that it does not qualify as an employer under the relevant statutes. (This argument is addressed in more detail below.) Therefore, the Foundation is estopped from claiming a lack of notice or opportunity to conciliate on its own behalf as to Bender's EEOC charge.

6

### B. Joint Employer

The Foundation next argues that Bender failed to allege an essential element of both her FMLA and Title VII claims because the Foundation is not an "employer" as defined by the statutes. [Filing No. 71, at ECF p. 6.] The FMLA defines an employer as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees." 29 U.S.C. § 2611(4)(A)(i). Title VII similarly excludes small employers, defining an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. §2000e(b). The Foundation contends that Bender was the Foundation's sole employee, and that while Bender alleged she was a joint employee of the Foundation and the School Corporation, she did not describe anyone else as a joint employee. [Filing No. 71, at ECF p. 7.] Thus, the Foundation's main argument is that even assuming Bender was a joint employee of both the Foundation and the School Corporation, with only one employee, the Foundation is not subject to the FMLA or Title VII, so those claims should be dismissed.

However, as noted above, at the pleading stage, the Court construes all inferences in Plaintiff's favor. *See Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019) ("The requirements for surviving a motion to dismiss are now familiar. The complaint must contain allegations that collectively state a claim to relief that is plausible on its face. We accept all well-pleaded allegations of fact as true and draw all reasonable inferences in the plaintiffs' favor. If the well-pleaded allegations plausibility suggest—as opposed to possibly suggest—that the plaintiffs are entitled to relief, the case enters discovery." (Internal citations and quotation marks omitted)). After stating that she was jointly employed by Defendants as Executive Director of the Foundation and an administrator of the School Corporation, Bender set out facts in the second amended complaint demonstrating that she may have meant to plead an

7

integrated employer relationship. See, e.g., 29 C.F.R. § 825.104(c)(2) ("Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the integrated employer test. Where this test is met, the employees of an entities making up the integrated employer will be counted in determining employer coverage and employee eligibility. A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality."). Bender argues that paragraphs 7 through 34 of Bender's second amended complaint set out facts reflecting "an interrelation between operations, a centralized control of labor relations and a degree of common ownership/financial control such that this well-pled complaint demonstrates that these two entities may be considered joint employers." [Filing No. 81, at ECF p. 9.]

At this stage, the Court cannot, and need not, definitively determine whether the Foundation is a joint employer, or an integrated employer. *See, e.g.*, *Penteris v. Citgo Petroleum Corp.*, 104 F. Supp. 3d 894, 900 (N.D. Ill. 2015) ("Determining whether an entity is a joint employer is a fact-intensive inquiry that typically requires further development through discovery[.]"); Tyus v. United States Postal Service, No. 15-CV-1467, 2017 WL 52609, at *7 (E.D. Wisc. Jan. 4, 2017) ("Tyus has alleged several ways in which USPS was to exercise control over ABM personnel. Accepting these facts as true at this stage, and drawing all reasonable inferences therefrom in favor of Tyus, the court finds that he has sufficiently plead a prospective joint employer relationship with USPS so as to survive a Rule 12(B)(6) motion to dismiss."). The question is not whether Bender will ultimately succeed, but whether she has offered enough evidence to get past the initial pleading stage. *See, e.g., Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) ("A complaint should not be dismissed unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." (Internal citations and quotation marks omitted)).

Bender's second amended complaint sets forth sufficient factual allegations of a joint, possibly integrated, employer relationship to survive the Foundation's motion to dismiss. Therefore, the Foundation's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is denied.

## IV.     Conclusion

The Foundation is estopped from claiming a lack of notice to Bender's discrimination charge, which named the Foundation as one of her employers, identified her position with the company when relaying the facts, and contained the Foundation's address.  In addition, Bender's second amended complaint sets forth sufficient factual allegations of joint, and possibly interrelated, employers to survive the Foundation's Rule 12(b)(6) motion.  For these reasons, the Foundation's motion [Filing No. 70] to dismiss Bender's second amended complaint is denied.

Date: 2/18/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

9